IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB C. SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:15-cv-633-WKW-WC |
| | ) | |
| STEVE PERRYMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on *pro se* Plaintiff's Complaint (Doc. 1), Defendants' Motion to Dismiss (Doc. 9), and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 13). Plaintiff's complaint alleges constitutional rights violations stemming from a 2008 state court proceeding, Case Number CV-2005-36, held before the Circuit Court of Randolph County, Alabama. Plaintiff now claims that the state court judgment should be overturned because (1) he was denied a trial by jury, (2) that Judge Steve Perryman ("Defendant Perryman") authorized his settlement agreement with no evidence Plaintiff accepted said agreement, and (3) that there was a conflict of interest with the attorney who initiated the agreement. Compl. (Doc. 1) at 1. In addition to Defendant Perryman, Plaintiff also names Alabama Attorney General Luther Strange ("Defendant Strange") as a defendant. *Id.* Plaintiff requests that this court set aside or vacate the order entered in the state court proceeding as unconstitutional. *Id.* at. 2.

This is not the first time Plaintiff has brought the same arguments before this court relating to his 2008 state court case. It is the fourth. Each time, Plaintiff has been denied relief, yet he refuses to give up the fight in what is essentially an attempt to appeal a state court decision in federal court.

Plaintiff's first attempt to have this court review his state court case was filed in January 2010, styled *Springer v. Perryman, et al.*, Case No. 3:10cv14 (2010). In March 2010, that case was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See* Recommendation (Doc. 24) and Order Adopting Recommendation (Doc. 26), *Springer v. Perryman, et al.*, Case No. 3:10cv14 (2010). Plaintiff then appealed to the United States Court of Appeals for the Eleventh Circuit in case 10-12059-HH. The Eleventh Circuit affirmed this court's dismissal of that case due to lack of subject matter jurisdiction.

Plaintiff's second attempt occurred in November 2011, styled *Springer v. Perryman, et al.*, Case No. 3:11cv936 (2011). In December 2011, that case was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, or in the alternative, under the doctrine of collateral estoppel. *See* Recommendation (Doc. 23) and Order Adopting Recommendation (Doc. 25), *Springer v. Perryman, et al.*, Case No. 3:11cv936 (2011).

Plaintiff's third attempt occurred in April 2013, styled *Springer v. Perryman, et al.*, Case No. 3:13cv241 (2013).[1] In June 2013, that case was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See* Recommendation

---

[1] Case No. 13cv241(2013) did not name either of the current Defendants. However, because Plaintiff's claims arose from the same 2008 judgment, it is applicable to the review of Plaintiff's current complaint.

(Doc. 12) and Order Adopting Recommendation (Doc. 19), *Springer v. Perryman, et al.*, Case No. 3:13cv241 (2013).

As grounds for the dismissal of Plaintiff's current case, Defendants present multiple arguments.  Defendants assert that Plaintiff's claims are due to be dismissed because Defendants are subject to judicial/prosecutorial immunity.  Defs.' Mot. (Doc. 9) at 3-4.  Defendants also claim that the *Rooker-Feldman* Doctrine precludes this court's review; that Plaintiff's § 1983 claims are time-barred; that 11th Amendment Immunity applies to Plaintiff's claims for monetary damages; and that Plaintiff's claims "in general lack merit."  *Id*. at 5-8.  Further, Defendants argue that Plaintiff's claims against Defendant Strange should be dismissed because they are vague and conclusory, and fail to assert any actual legal claim upon which relief can be granted.  *Id*. at 6-7.  Defendants request that this court dismiss Plaintiff's case with prejudice.  *Id*. at 9.

On October 9, 2015, Plaintiff was ordered to show cause as to why Defendants' Motion to Dismiss should not be granted.  (Doc. 11).  Plaintiff responded with what appears to be an attempt to address the jurisdictional issues raised by Defendants. Despite applying a liberal construction to Plaintiff's pleading, the undersigned concludes Plaintiff fails to address the affirmative defenses, statute of limitations issues, or pleading deficiencies raised by Defendants.

For the reasons that follow, the court finds that Plaintiff's cause of action is due to be dismissed – for the fourth time.

**DISCUSSION**

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  The *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). *Rooker-Feldman's* reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment.  *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  The Eleventh Circuit has "advanced two scenarios where a federal claim is considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would 'effectively nullify' the state court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" *Id*.

As a state-court loser seeking to have this court reject the state-court's judgment, Plaintiff is asking – again – for this court to do exactly what the *Rooker-Feldman* doctrine prohibits.  Plaintiff asks this court to "vacate . . . and set aside the verdict" in his state court case "based on the abundance of evidence that has already been presented in

4

the prior filings with this Court." (Doc. 13) at 7.  Plaintiff asserts that (1) Defendant

Perryman and his state actors conspired to deny Plaintiff a trial by jury; (2) Defendant

Perryman authorized a settlement agreement with no evidence Plaintiff accepted said

agreement; and (3) there was a conflict of interest with the attorney who initiated the

agreement.[2]   Plaintiff has presented these same claims before this court on multiple

occasions, and this court has determined – on each occasion – that Plaintiff's claims were

subject to dismissal pursuant to the *Rooker-Feldman* doctrine.  The Eleventh Circuit

agreed, holding:

> [T]he district court did not err in concluding that *Rooker-Feldman* barred
> Springer's civil rights complaint because, squarely within the language of *Exxon
> Mobil*, he was a state-court loser who sued in federal court to complain of injuries
> caused by the state-court judgment that was rendered before the filing of his
> federal complaint.  To the extent that Springer couches his complaint in terms of
> independent constitutional claims against the defendants, we hold that those
> federal claims are inextricably intertwined with the Randolph County circuit
> court's granting of the motion to enforce the settlement and, thus, still fell within
> the confines of the *Rooker-Feldman* jurisdictional bar.  Accordingly, we affirm.

*Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (internal citations

omitted).  Thus, because Plaintiff is attempting to have this court overturn his state court

judgment, Plaintiff's claim should be dismissed for the same reason that the Eleventh

Circuit articulated – this court lacks subject matter jurisdiction because of the *Rooker-*

*Feldman* doctrine.  To the extent that Plaintiff is asserting independent constitutional

---

[2]  If Plaintiff wished to assert those claims, he should have presented them in a state appellate court – not a federal court.  *See Casale*, 558 F. 3d at 1261 ("If Casale believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal.  [The federal courts] are not a clearinghouse for Casale's overstock arguments; if he did not offer them to the state courts – or if the state courts did not buy them – he cannot unload them by attempting to sell them to us.")

claims against Defendants, those claims continue to be inextricably intertwined with the Randolph County Circuit Court's granting of the motion to enforce Plaintiff's settlement.

In addition to the *Rooker-Feldman* jurisdictional bar, Plaintiff's claims are also barred by collateral estoppel.[3]  This court's ruling in Plaintiff's previous case was not a final judgment on the merits, but it was a final judgment on the issue of this court's subject matter jurisdiction.  Thus, this court's final decision that it lacks subject matter jurisdiction over Plaintiff's claims precludes him from re-litigating the issue of subject matter jurisdiction over the same claims in this case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999) ("When a court has rendered a judgment in a contested action, the judgment [ordinarily] precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation.") (alteration omitted); *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.").  Because Plaintiff's claims continue to be barred under *Rooker-Feldman*, and Plaintiff's cause of action essentially seeks to re-litigate the issue of this court's subject matter jurisdiction to consider the merits of Plaintiff's claims, Plaintiff's claims are barred by collateral estoppel, or issue preclusion.[4]  *See Grand Metropolitan P.L.C. v.*

---

[3] The closely related doctrine of *res judicata* does not apply in this case.  *Res judicata* applies when four elements are present in litigation: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties or their privies were identical in both suits; and (4) the prior and present causes of action are the same."  *Israel Discount Bank Ltd. V. Entin*, 951 F.2d 311, 314 (11th Cir. 1992). The Eleventh Circuit has held that a dismissal for lack of subject matter jurisdiction "is not an adjudication on the merits that would give rise to a viable res judicata defense."  *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1188 (11th Cir. 2003), cert. denied, 540 U.S. 1016 (2003).  Because Plaintiff's previous case before this court was dismissed due to lack of subject matter jurisdiction – *i.e*., the *Rooker-Feldman* doctrine – and not on the merits, *res judicata* does not apply.

[4] The Eleventh Circuit has articulated the following standard for the application of collateral estoppel:

*Butterworth*, No. Civ. A. 88-40317WS, 1988 WL 1045191 at \*2 (N.D. Fla. Nov. 28, 1988) ("[A]lthough a dismissal for lack of subject matter jurisdiction or for want of justiciability does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the precise issue of jurisdiction or justiciability that led to the first dismissal." (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4436 at 338 (1981))). The jurisdictional issue at stake in this fourth action is identical to Plaintiff's previous cases and Plaintiff has not shown that he has overcome the jurisdictional problem present in his first action.[5] Thus, this court finds that Plaintiff's cause of action is due to be dismissed under the doctrine of collateral estoppel.

Besides the insurmountable jurisdictional bars faced by Plaintiff, Defendants have raised the statute of limitations as an affirmative defense to bar Plaintiff's claims. To the extent that Plaintiff's pleadings can be construed as bringing 42 U.S.C. § 1983 claims resulting from his 2008 court case, those claims are time-barred. In Alabama, § 1983 actions must be brought within two years of their accrual. *See Morrow v. Town of Littleville*, 576 So. 2d 210, 213 (Ala. 1991) (citing *Owens v. Okure,* 488 U.S. 235 (1989),

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (citing *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)). All of the elements for the application of collateral estoppel have been met in this case.

[5] Although it is not quite clear to the court, it appears that Plaintiff attempts to overcome his jurisdictional hurdles by citing Rule 60(b) of the Federal Rules of Civil Procedure and requesting that the court void the state court judgment due to "fraud, misrepresentation, or misconduct by an opposing party." Pl.'s Resp. (Doc. 13) at 3. Assuming *arguendo* that Plaintiff's pleadings can be interpreted as alleging some sort of fraud on a court by Defendants, the fraud – if any – was on the state court, not on the federal court. Therefore, this court has no duty to ascertain whether the agreement reached in Plaintiff's state court case involved any fraud, misrepresentation, or misconduct. *See generally Pfotzer v. Amercoat Corp.*, 548 F.2d 51, 52-53 (2d Cir. 1977) (holding that potential fraud upon a state court was not sufficient for purposes of overturning a case under Fed. R. Civ. P. 60(b)).

and *Wilson v. Garcia,* 471 U.S. 261 (1985)); *Gorman v. Wood*, 663 So. 2d 921, 922 (Ala. 1995) (the only statute of limitations applicable to § 1983 claims in Alabama is the two-year statute of limitations in Ala. Code 1975, § 6–2–38(*l*)). The statute of limitations clock begins to tick when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

Here, Plaintiff's claims stem from an alleged harm that occurred in June 2008, which is when Defendant Perryman issued an order in Plaintiff's state court case.  At that time, Plaintiff knew, or reasonably should have known, whether his constitutional rights had been violated.  Thus, the clock began to tick in June 2008 for Plaintiff to bring any § 1983 claims.  In order for his claims to be timely, Plaintiff should have brought those claims no later than June 2010.  Instead, he brought them in September 2015 – over five years too late. Therefore, even if Plaintiff's claims were not subject to dismissal because of a lack of subject matter jurisdiction, Plaintiff's § 1983 claims would be dismissed as time-barred.

Accordingly, for all of the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. 9) be GRANTED and Plaintiff's Complaint (Doc. 1) be DISMISSED because this court lacks subject matter jurisdiction or, in the alternative, Plaintiff's claims are time-barred.

Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before March 10, 2016**.  A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

 Done this 25th day of February, 2016.

         /s/ Wallace Capel, Jr.
         UNITED STATES MAGISTRATE JUDGE